Mr. Justice ThacheR
delivered the opinion of the court.
The writ in this case bears test of the June term, 1844, of the Rankin circuit court, and was made returnable to the December term, 1844. It was executed on the 27th day of November, 1844; and the first Monday of December, the first day of the December term, fell upon the second day of that month. It is here contended that the process was not executed at least five days before the return day thereof. In the first place, this objection was not taken in the court below. In the next place, in that court, the objection should have been made by plea in abatement. How. & Hutch. 576, § 3; Hurst v. Strong, 1 How. 123.
Secondly, at the following term, the defendants below pleaded non assumpsit, and claimed a continuance by virtue of'the act of 1840, ch. 74, regulating the practice of the circuit courts. It appears by the bill of exceptions that the previous term, that of December, was not held on account of the non-attendance of the judge. The court overruled the motion. The objection to the writ not having been made seasonably or in the proper mode, we can look to it to ascertain what was the return term *440 ill view of the act of 1840. In giving an interpretation to that act in the case of Maury & Sessions v. Commercial Bank of Natchez, 5 S. & M. 41, we have said that the return term of the writ and the return term of the action is that term wherein the writs in the action are all returned served, or at which all the parties have entered an appearance. In the present case, the writ was executed upon both the defendants to the December term, which, according to that decision, constituted the December term the return term.
Judgment affirmed.